**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANITA POTTS ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ) | |
| ALPHA RECOVERY ) | |
| CORPORATION, ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant ) | |

## COMPLAINT

ANITA POTTS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALPHA RECOVERY CORPORATION, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pottsville, Pennsylvania 17901.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 5660 Greenwood Plaza Blvd., Greenwood Village, CO 80111.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a personal medical debt.

11. The debt at issue arose out of transactions, which were primarily for

personal, family, or household purposes.

12. Beginning in or around July 2015, and continuing through September 2015, Defendant, through its collectors, placed repeated harassing telephone calls to Plaintiff's cellular telephone number seeking to collect this alleged debt.

13. Defendant's harassing debt collection calls derived from numbers including, but not limited to 215-600-4471. The undersigned has confirmed that this number belongs to the Defendant.

14. On numerous occasions, Defendant's representatives called Plaintiff multiple times per day.

15. On several occasions, Plaintiff spoke with Defendant and told them to stop calling her cellular telephone.

16. Plaintiff also specifically stated at that time that she could not afford to make any payments as she was unemployed.

17. In response, Defendant replied that "the calls would continue until the debt is paid".

18. Once Defendant knew that its calls were unwanted and that Plaintiff could not afford to pay the debt the only purpose for continued calls was harassment.

19. On several occasions, Plaintiff received calls from Defendant immediately after ending a call with Defendant.

20. Further, after Defendant continued to call Plaintiff repeatedly on her cellular telephone, Plaintiff was forced to block calls from Defendant's phone numbers.

21. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §1692d OF THE FDCPA

22. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated §1692d when it placed repeated and harassing telephone calls to Plaintiff and continued to place repeated harassing telephone calls after Plaintiff requested calls stop.

## COUNT II
## DEFENDANT VIOLATED §1692d(5) OF THE FDCPA

24. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated §1692d(5) of the FDCPA when it placed repeated and harassing telephone calls to Plaintiff and continued to place repeated harassing telephone calls after Plaintiff requested calls stop.

WHEREFORE, Plaintiff, ANITA POTTS, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANITA POTTS, demands a jury trial in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                                        RESPECTFULLY SUBMITTED,

DATED: 7/11/2016          KIMMEL & SILVERMAN, P.C.

                                    By:  <u>/s/ Amy L. Bennecoff Ginsburg</u>
                                        Amy L. Bennecoff Ginsburg, Esq.
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Fax: (877) 788-2864
                                        Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT